UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| BETTY KAECHLER, § | |
| § | |
| Plaintiff, § | |
| § | |
| v. § | |
| § | CIVIL ACTION NO. H-12-423 |
| BANK OF AMERICA, N.A., AND § | |
| FEDERAL HOME LOAN MORTGAGE § | |
| CORPORATION AKA FREDDIE MAC § | |
| § | |
| Defendants. § | |

**MEMORANDUM AND ORDER**

Pending before the Court is Defendant Bank of America, N.A.'s ("Bank of America") and Defendant Federal Home Loan Mortgage Corporation's ("Freddie Mac") (collectively "Defendants") Motion to Dismiss. (Doc. No. 7.) After considering the motions, all responses thereto, and the applicable law, the Court finds that Defendant's Motion should be **GRANTED**.

**I.     BACKGROUND**

On February 4, 2000 Betty Kaechler ("Kaechler" or "Plaintiff") purchased the real property located on 11414 Gilbreath Drive, Houston, TX 77066 ("the Property"). (Doc. No. 1-3, Original Pet. ¶ 8.) Kaechler executed a promissory note and deed of trust with Commonwealth Mortgage Corporation ("Commonwealth"). (*Id.*) Commonwealth subsequently sold Kaechler's mortgage to Bank of America. (*Id.*)

Sometime thereafter, Plaintiff became disabled and unable to work. (*Id.* ¶ 9.) As a result, she became delinquent on her mortgage payments. (*Id.*) In September 2010, Kaechler entered into discussions with Bank of America regarding its loan modification program. (*Id.* ¶ 11.) During July 2011, Bank of America sent Kaechler a letter indicating her loan modification

1

application had been approved.  (Original Pet., Ex. 2, July 21, 2011 letter, at 1.)  In order for the loan modification to become effective, Kaechler had to sign certain forms and pay her modified mortgage payment and a file inspection fee by July 31, 2011.  (*Id*. at 1–2.)  The Original Petition does not indicate whether Kaechler made these payments or returned the required forms.  (*See generally* Original Pet.)

The Original Petition also includes a subsequent warning letter from Bank of America, dated December 24, 2011, stating that Kaechler's loan is in foreclosure.  (Original Pet., Ex. 2, December 24, 2011 letter, at 1.)  The letter provides that, in order to prevent foreclosure and reinstate her loan, Kaechler had to pay $49,157.08 by December 31, 2011.  (*Id.* at 1–2.)  The Original Petition does not indicate whether Kaechler made this payment.  (*See generally* Original Pet.)  Shortly hereafter, Kaechler's home was sold at a foreclosure sale to Freddie Mac. (Original Pet., Ex. 2, January 5, 2012 letter, at 1.)  Kaechler received a notice, dated January 5, 2012, advising her of her options, and indicating that Freddie Mac would be filing an eviction suit.  (*Id.*)

Kaechler subsequently filed this action in state court, from which it was removed. Kaechler seeks a declaratory judgment that the foreclosure sale of the Property was ineffective, null and void, or alternatively, voidable and rescinded.  (Original Pet. ¶ 16.)  She also alleges breach of contract, negligence, wrongful foreclosure and slander of title.  (Original Pet. ¶¶ 18–25.)  Defendants now move for Judgment on the Pleadings under Federal Rule of Civil Procedure 12(c).  (Doc. No. 7, Mot. to Dismiss.)

**II.   LEGAL STANDARD**

A Rule 12(c) motion "is designed to dispose of cases where the material facts are not in dispute and a judgment on the merits can be rendered by looking to the substance of the

pleadings and any judicially noticed facts." *Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 312 (5th Cir. 2002) (citation omitted). In deciding a Rule 12(c) motion, the Court applies the same standard as that used in ruling on a Rule 12(b)(6) motion to dismiss for failure to state a claim. *Gentilello v. Rege*, 627 F.3d 540, 543–44 (5th Cir. 2010); *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007).

"To survive a Rule 12(b)(6) motion to dismiss, a complaint 'does not need detailed factual allegations,' but must provide the plaintiff's grounds for entitlement to relief—including factual allegations that when assumed to be true 'raise a right to relief above the speculative level.'" *Cuvillier v. Taylor*, 503 F.3d 397, 401 (5th Cir. 2007) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)); *see also Twombly*, 550 U.S. at 556 n.3 ("Rule 8(a)(2) still requires a 'showing,' rather than a blanket assertion, of entitlement to relief."). That is, a complaint must "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). A claim has facial plausibility "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). The plausibility standard is not akin to a "probability requirement," but asks for more than a sheer possibility that a defendant has acted unlawfully. *Id.* A pleading need not contain detailed factual allegations, but must set forth more than "labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (citation omitted). "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Iqbal*, 556 U.S. at 678.

Ultimately, the question for the court to decide is whether the complaint states a valid claim when viewed in the light most favorable to the plaintiff. The court must accept well-pleaded facts as true, but legal conclusions are not entitled to the same assumption of truth. *Iqbal*, 129 S. Ct. at 1950 (citation omitted). The court should not "'strain to find inferences favorable to the plaintiffs'" or "accept 'conclusory allegations, unwarranted deductions, or legal conclusions.'" *R2 Investments LDC v. Phillips*, 401 F.3d 638, 642 (5th Cir. 2005) (quoting *Southland Sec. Corp. v. Inspire Ins. Solutions, Inc.*, 365 F.3d 353, 362 (5th Cir. 2004)). A district court can consider the contents of the pleadings, including attachments thereto, as well as documents attached to the motion, if they are referenced in the plaintiff's complaint and are central to the claims. *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 499 (5th Cir. 2000). Importantly, the court should not evaluate the merits of the allegation, but must satisfy itself only that plaintiff has adequately pled a legally cognizable claim. *United States ex rel. Riley v. St. Luke's Episcopal Hosp.*, 355 F.3d 370, 376 (5th Cir. 2004). "Motions to dismiss under Rule 12(b)(6) are viewed with disfavor and are rarely granted." *Lormand v. US Unwired, Inc.*, 565 F.3d 228, 232 (5th Cir. 2009) (citation omitted); *Duke Energy Intern., L.L.C. v. Napoli*, 748 F. Supp. 2d 656 (S.D. Tex. 2010).

The Federal Rules of Civil Procedure provide that leave to amend the complaint shall be "freely give[n] when justice so requires." Fed. R. Civ. P. 15(a). "[G]ranting leave to amend is especially appropriate . . . when the trial court has dismissed the complaint for failure to state a claim." *Great Plains*, 313 F.3d at 329 (citation omitted). The Court should generally "afford plaintiffs at least one opportunity to cure pleading deficiencies before dismissing a case, unless it is clear that the defects are incurable or the plaintiffs advise the court that they are unwilling or unable to amend in a manner that will avoid dismissal." *Id*.

4

## III. ANALYSIS

### A. Breach of Contract

In her Original Petition, Plaintiff alleges that "[t]here exists a valid, enforceable contract between Kaechler and [Bank of America]" and that Kaechler "performed, tendered performance, or was excused from performing her contractual obligations." (Original Pet. ¶ 19.) In her Response, she clarifies that this enforceable contract is the promissory note and deed of trust, and that she "performed, tendered performance, or was excused from performing her contractual obligations because [Bank of America] sold her property at a foreclosure sale while the parties were in the process of completing a loan modification." (Doc. No. 9, Resp. ¶ 2.) Neither the Original Petition nor the Response is particularly clear as to what act or omission comprised the alleged breach. (*See generally* Original Pet.; Resp.) The Court understands Plaintiff's claim to be that Bank of America failed to provide a "timely foreclosure notice to the Plaintiff." Defendant argues that Plaintiff cannot maintain a suit for breach of contract because she has defaulted on her contractual obligations. (Doc. No. 7, Mot. ¶ 6.)

The elements of a breach of contract action are: (1) the existence of a valid contract; (2) performance or tendered performance by the plaintiff; (3) breach by the defendant; and (4) damages sustained by the plaintiff as a result of the breach. *Mullins v. TestAmerica, Inc.*, 564 F.3d 386, 418 (5th Cir. 2009) (citing *Aguiar v. Segal*, 167 S.W.3d 443, 450 (Tex. App.—Houston [14th Dist.] 2005, pet. denied)); *Sauceda v. GMAC Mortg. Corp.*, 268 S.W.3d 135, 140 (Tex. App.—Corpus Christi 2008, no pet.) "[A] party to a contract who is himself in default cannot maintain a suit for its breach." *Re/Max of Tex., Inc. v. Katar Corp.*, 989 S.W.2d 363, 365 n.4 (Tex. 1999) (quoting *Gulf Pipe Line Co. v. Nearen*, 138 S.W.2d 1065, 1068 (Tex. 1940)); *see also Sproul v. Sasser*, No. 05-08-00502-CV, 2009 WL 2232240, *2 (Tex. App.—Dallas 2009, no

pet.); *Cole v. Bank of America, N.A.*, No. H-12-0006, 2012 WL 465190, at *2 (S.D. Tex. Feb. 1, 2012).  Plaintiff concedes that she "became delinquent in her mortgage payments to Bank of America." (Original Pet. ¶ 9.)  As a result, Plaintiff cannot maintain a breach of contract action based on the note and deed of trust.

Plaintiff's argument that she "performed, tendered performance, or was excused from performing her contractual obligations because [Bank of America] sold her property at a foreclosure sale while the parties were in the process of completing a loan modification" does not alter this conclusion.  (Doc. No. 9, Resp. ¶ 2.)  First, the facts pled do not support this characterization.  The correspondence Plaintiff attached to her Original Petition indicates that, for her loan modification to become effective, she had to sign certain forms and pay her modified mortgage payment and a file inspection fee by July 31, 2011.  (Original Pet., Ex. 2, July 21, 2011 letter, at 1–2.)  Plaintiff never pleads that she complied with these requirements.  Nor does she plead that discussions continued after July 31, 2011.  Second, even if such discussions were ongoing, they would not alter the fact that Plaintiff, by virtue of being delinquent in her payments, was in breach of the contract she seeks to sue on.

In order to plead a breach of contract claim, Plaintiff must show: (1) the existence of a valid contract; (2) performance or tendered performance by the plaintiff; (3) breach by the defendant; and (4) damages sustained by the plaintiff as a result of the breach. *Mullins*, 564 F.3d at 418.  Plaintiff has failed to plead her own performance.  Although leave to amend should be freely given, Fed. R. Civ. P. 15(a), courts may deny leave when amendment would be futile. *United States ex rel. Steury v. Cardinal Health, Inc.*, 625 F.3d 262, 270 (5th Cir. 2010) (holding that denial of leave to amend may be appropriate when amendment would be futile); *Stripling v. Jordan Prod. Co., LLC*, 234 F.3d 863, 873 (5th Cir. 2000) (A proposed amendment is futile if

"the amended complaint would fail to state a claim upon which relief can be granted.") Plaintiff previously filed an Amended Complaint without seeking leave of the Court. (Doc. No. 8., First Am. Compl.) Her Amended Complaint is not materially different from her Original Petition, alleging only that Kaechler was excused from performing because of ongoing loan modification discussions. (Am. Compl. ¶ 16.) As explained, ongoing loan modification discussions do not alter the fact that Kaechler is in breach of the mortgage contract pursuant to which she now seeks to sue. Accordingly, the Court finds that Plaintiff's breach of contract claim should be **DISMISSED WITH PREJUDICE**.

### B. Wrongful Foreclosure

Plaintiff also alleges that Bank of America wrongfully foreclosed on the Property. (Original Pet. ¶¶ 22–23.) Defendants contend that Plaintiff has not pled facts to support any of the elements of a wrongful foreclosure claim. (Resp. ¶¶ 9–10.)

Under Texas law, the elements of wrongful foreclosure are: (1) a defect in the foreclosure proceedings; (2) a grossly inadequate selling price; and (3) a causal connection between the defect and the grossly inadequate selling price. *Sauceda v. GMAC Mortg. Corp.*, 268 S.W.3d 135, 139 (Tex. App.—Corpus Christi 2008, no pet.). "Both conditions are necessary: neither inadequacy of price alone, nor technical irregularities alone, will warrant setting aside an execution sale." *McCoy v. Rogers*, 240 S.W.3d 267, 265 (Tex. App.—Houston [1st Dist.] 2007, pet. den'd); *Biggers v. BAC Home Loans Servicing, LP*, 767 F. Supp. 2d 725, 729 (N.D. Tex. 2011). "[A] grossly inadequate price would have to be so little as 'to shock a correct mind, and thereby raise a presumption that fraud attended the purchase.'" *F.D.I.C. v. Blanton*, 918 F.2d 524, 531 (5th Cir. 1990) (quoting *Richardson v. Kent*, 47 S.W.2d 420, 425 (Tex. App.—Dallas 1932, no writ)). "[I]n Texas, cases finding gross inadequacy typically involve a selling price

7

below sixty percent of the property's value[.]" *Richardson v. Wells Fargo Bank, N.A.*, 873 F. Supp. 2d 800, 813 (N.D. Tex. 2012) (citing *Blanton*, 918 F.2d at 531–32). "There must also be a causal connection between an irregularity of the sale and an inadequate selling price to set aside a sheriff's sale." *McCoy*, 240 S.W.3d at 265

This Court must agree with Defendants. Plaintiff has done no more than provide a "formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555. Her Original Petition pleads only that the foreclosure sale occurred without proper notice to her. (Original Pet. ¶ 14.) Nowhere in the Original Petition does she ever plead the selling price of the Property at the foreclosure sale, or its fair market value. Nor does she plead any facts that would support the inference that the alleged notice defect caused the Property to be sold for a grossly inadequate price.

Plaintiff's Amended Complaint fails to remedy these defects. It, too, does not plead the selling price at the foreclosure sale, nor does it plead any facts to support the inference that this defect caused the Property to be sold for a grossly inadequate selling price. Plaintiff must plead all three elements to state a wrongful foreclosure claim. *McCoy v. Rogers*, 240 S.W.3d at 265. Unlike her breach of contract claim, however, the Court cannot say that "it appears beyond doubt that the Plaintiff can prove no set of facts" that would entitle her to relief on her wrongful foreclosure claim. *Stripling*, 234 F.3d at 873. As such, Plaintiff's wrongful foreclosure claim is **DISMISSED WITHOUT PREJUDICE**, and Plaintiff has leave to replead her wrongful foreclosure claim in accordance with the legal standard outlined above.

### C. Slander of Title

Plaintiff also asserts a slander of title claim. (Original Pet. ¶¶ 24–25.) Defendant contends that Plaintiff's slander of title claim is barred because any allegedly defamatory

statements are privileged, and may not form the basis of a slander of title claim.  (Resp. ¶¶ 12–13.)

To state a claim for slander of title under Texas law, a plaintiff must allege: 1) the uttering and publishing of disparaging words; 2) falsity; 3) malice; 4) special damages; 5) possession of an estate or interest in the property disparaged; and 6) the loss of a specific sale.  *Moye v. Fed. Home Loan Mortg. Corp.*, No. H–12–0502, 2012 WL 3048858, at *4 (S.D. Tex. July 25, 2012) (citing *Kiggundu v. Mortg. Elec. Registration Sys., Inc.*, No. 4:11–1068, 2011 WL 2606359, at *7 (S.D. Tex. June 30, 2011)).  Plaintiff's Original Petition is devoid of any facts about allegedly false and malicious statements made by Defendants.  (*See generally* Original Pet.)  Furthermore, it fails even to mention the final element of slander of title, the loss of a specific sale.  (*Id.*)  Plaintiff's slander of title claim is, again, little more than a "formulaic recitation of the elements a cause of action," and an incomplete one, at that.  *Twombly*, 550 U.S. at 555.  The Court need not address Defendants' privilege arguments because the Original Petition is insufficient, on its face, to state a claim upon which relief could be granted.

Plaintiff's Amended Complaint fails, as well, to state a claim for slander of title.  In her Amended Complaint, Plaintiff simply alleges that "by wrongfully conducting foreclosure sale of her Property and transferring title to the buyer," Defendants "caused a cloud of title on the Property which was disparaging, false, published with legal malice, and caused special damages." (Am. Compl. ¶ 21.)  This statement fails to explain how Defendants published any disparaging words, fails to explain the falsity of any allegedly disparaging words, fails to offer any facts indicative of malice, and fails even to mention the final element of a slander of title cause of action, the loss of a specific sale.  Indeed, Plaintiff's Amended Complaint offers little more than the same incomplete and formulaic recitation of the elements of a slander of title cause

9

of action.  The Court has been presented with no arguments or facts to suggest that Plaintiff can adequately plead this cause of action.  (*See generally* Resp.)  Yet, the dearth of factual allegations before the Court similarly prevents it from concluding that it is "beyond doubt that the Plaintiff can prove no set of facts" that would entitle her to relief on her slander of title claim.  *Stripling*, 234 F.3d at 873.  Accordingly, Plaintiff's slander of title claim is **DISMISSED WITHOUT PREJUDICE**.  Plaintiff has leave to replead her slander of title claim in accordance with the legal standard outlined above.  Should Plaintiff successfully state a slander of title cause of action, Defendants may again invoke their privilege arguments.

      **D.**      **Negligence**

Plaintiff also alleges a cause of action for negligence.  (Original Pet. ¶¶ 20–21.)  Her Original Petition does not specify what duty Defendants owed her, or how that duty was breached. Defendants argue Plaintiff's negligence claim is barred by the economic loss rule.  (Doc. No. 10, Reply, at ¶ 4.)

In order to establish a negligence claim a plaintiff must prove: "(1) a legal duty on the part of the defendant; (2) breach of that duty; and (3) damages proximately resulting from that breach."  *Lane v. Halliburton,* 529 F.3d 548, 565 (5th Cir. 2008) (citing *Sport Supply Group, Inc. v. Columbia Cas. Co.*, 355 F.3d 453, 466 (5th Cir. 2003)).  In her Original Petition, Plaintiff does not plead the existence of any duty that Defendants owed her.  Indeed, she does not cite any facts to support a claim of negligence, instead only listing out the elements of a negligence claim.  (Original Pet. ¶¶ 20–21.)  Accordingly, her negligence claim must be dismissed.

Furthermore, Defendants correctly point out that, on the facts presented, a negligence claim is barred by the economic loss rule.  "[W]hen a plaintiff alleges only an economic loss arising out of a contractual relationship between the parties, the plaintiff is precluded from

proceeding under a negligence cause of action." *Daryani v. Wells Fargo Bank, N.A.*, No. 4:10-cv-5181, 2012 WL 3527924, at *4 (S.D. Tex. Aug. 13, 2012) (citing *Sanghera v. Wells Fargo Bank, N.A.*, No 3:10–CV–2414, 2012 WL 555155, at *5 (N.D. Tex. 2012)); *S & W Enters., L.L.C. v. SouthTrust Bank of Ala., NA*, 315 F.3d 533, 538 (5th Cir. 2003); *Sw. Bell Tel. Co. v. DeLanney*, 809 S.W.2d 493, 494–95 (Tex. 1991). Here, the only relationship between the parties is contractual. Thus, any alleged duty owed is contractual, and cannot form the basis of a tort claim.

In these circumstances, granting leave to amend would be futile. First, as discussed above, any alleged duty Defendants owe Plaintiff is contractual, and Plaintiff cannot allege negligence premised on a breach of contractual duties. Second, in her Amended Complaint, filed without leave of this Court, Plaintiff fails to remedy the flaws in her Original Petition. In the Amended Complaint, Plaintiff alleges that Bank of American breached its duty of good faith and fair dealing by selling the Property at a foreclosure sale. (Am. Compl. ¶ 18.) However, Texas courts have consistently held that the relationship between mortgagor and mortgagee does not give rise to a duty of good faith and fair dealing. *See UMLIC VP LLC v. T & M Sales & Environmental Sys., Inc.*, 176 S.W.3d 595, 612 (Tex. App.—Corpus Christi 2005) (citing *Fed. Deposit Ins. Corp. v. Coleman,* 795 S.W.2d 706, 709 (Tex. 1990)); *Votel v. Travelers Indem. Co.*, 966 S.W.3d 748, 753 (Tex. App.—San Antonio 1998); *see also Daryani*, 2012 WL 3527924, at *4; *Cole*, 2012 WL 465190, at *2. Accordingly, the Court finds that Plaintiff's negligence claim should be **DISMISSED WITH PREJUDICE**.

### E. Declaratory Judgment

Plaintiff seeks a declaration that the foreclosure sale of the Property was ineffective, null and void, or, in the alternative, voidable and rescinded. (Original Pet. ¶ 16.) Defendants argue

11

that Plaintiff is not entitled to declaratory relief because a party seeking equitable relief must first tender the full amount due on her promissory note. (Mot. ¶ 5.)

When a declaratory judgment action is filed in state court and is subsequently removed to federal court, it is converted to one brought under the federal Declaratory Judgment Act, 28 U.S.C. §§ 2201, 2202. "The Declaratory Judgment Act is a procedural device that creates no substantive rights; rather, it requires the existence of a justiciable controversy." *Bell v. Bank of Am. Home Loan Servicing LP*, No. 11-cv-2085, 2012 WL 568755, at *8 (S.D. Tex. Feb. 21, 2012) (citing *Fankhauser v. Fannie Mae,* No. 4:10cv274, 2011 WL 5600395, at *10 (E.D. Tex. Oct. 24, 2011)); *Schilling v. Rogers*, 363 U.S. 666, 677, 80 S.Ct. 1288, 4 L.Ed.2d 1478 (1960); *Lowe v. Ingalls Shipbuilding*, 723 F.2d 1173, 1178 (5th Cir. 1984)). In a declaratory judgment action, "[b]ased on the facts alleged, there must be a substantial and continuing controversy between two adverse parties." *Bauer v. Texas*, 341 F.3d 352, 358 (5th Cir. 2003) (citing *Emory v. Peeler*, 756 F.2d 1547, 1551–52 (11th Cir. 1985)). As explained above, Plaintiff has alleged no facts that would lead to the conclusion that a present controversy exists between herself and Defendants. Accordingly, Plaintiff's request for declaratory judgment must be denied.

Furthermore, Plaintiff's request declaratory judgment action must also be denied because she has failed to tender the amount due on her promissory note. "[I]n order to be entitled to have a foreclosure sale set aside in Texas, a plaintiff must actually tender . . . the full amount owed on the note." *Hill v. Wells Fargo Bank, N.A.*, No. V-12-11, 2012 WL 2065377 at *9 (S.D. Tex. June 6, 2012) (citing *Lambert v. First Nat'l Bank of Bowie*, 993 S.W.2d 833, 835 (Tex. App.— Fort Worth 1999, pet. denied) (citation omitted); *see also Fillion v. David Silvers Co.*, 709 S.W.2d 240, 246 (Tex. App.—Houston [14th Dist.] 1986, writ ref'd n.r.e.); *Falk v. Wells Fargo Bank*, No. 09-CV-678-B, 2011 WL 3702666, at *7 (N.D. Tex. Aug. 19, 2011). Here, Plaintiff

has not alleged that that she has tendered the full amount owed on the note. Indeed, she concedes that she became delinquent in her payments. (Original Pet. ¶ 9.) Accordingly, Plaintiff's declaratory judgment cause of action must be **DISMISSED WITH PREJUDICE**.

### III. CONCLUSION

Defendants' Motion to Dismiss (Doc. No. 7) is **GRANTED**. Plaintiff's breach of contract, negligence and declaratory judgment causes of action are **DISMISSED WITH PREJUDICE**. Plaintiff's wrongful foreclosure and slander of title claims are **DISMISSED WITHOUT PREJUDICE** to filing an amended complaint within 20 days that will cure the deficiencies identified in this Order.

**IT IS SO ORDERED**.

**SIGNED** at Houston, Texas, on this the 9th day of January, 2013.

KEITH P. ELLISON
UNITED STATES DISTRICT JUDGE